JOHN K. DAUGHTERS, Administrator, *v.* LEVI GUICE and others.

Questions which have been decided in another action between the same parties, or between the plaintiff and the vendor of defendants, to whose rights the latter were subrogated, cannot be re-examined.

THIS was an action against Levi Guice, Henry H. Holstein, and Michael H. Dosson, before the District Court for the parish of Catahoula, *King,* J.

*Mayo,* for the plaintiff.

*McGuire,* for the defendants and appellants.

BULLARD, J. The plaintiff as administrator of the estate of James M. Daughters, deceased, seeks in this suit to annul a sale of a tract of land by one Guice, a debtor of his intestate, to the defendants, on the ground of fraud. He represents that he had obtained a judgment against Guice for $1250, with interest, secured in part by the vendor's privilege upon the land in question. That before judgment was rendered, and pending the suit, Guice, with a view to defraud him, and to prevent his collecting the amount of any judgment he might obtain, made a fraudulent conveyance to the defendants of the tract of land, it being all or nearly all the property he possessed. He alleges that at the time of the sale Guice was in failing circumstances to the knowledge of the pretended purchasers, who also knew of his fraudulent intent, and that no price was paid

for the property, and that an undue preference was given to the defendants as creditors.   The defendants having first excepted on the ground that the plaintiff was not administrator, and that exception having been overruled upon the exhibition of the plaintiff's letters of administration ftom the court of probates, the defendants answered by denying the allegations in the petition; and the two purchasers allege that James M. Daughter, in 1835 entered into a written contract by which he bound himself to make to Levi Guice, on or before the 1st of January, 1836, a good warranted title to one hundred and seventy acres of land between Deer creek and Turkey creek, and to have two ferry boats, one on each creek, and also to have a new press put up worth $100, &c., all for the sum of $3500, of which $2000 were paid, and for the balance two notes given for $750 each, and that plaintiff had obtained judgment on the two notes. They aver that they purchased from Guice with a special subrogation of all his rights and actions against the estate of Daughters. They allege that Daughters and his representatives have failed to comply with their contract, though requested and put in default; that no title has ever been made to the land, and much of it has been entered by other persons, to their damage $1500.   They further aver that fifty acres of the most valuable part never belonged to Daughters, and that he failed to leave the ferry boats, or make the repairs, as stipulated by him.   They therefore pray that the sale from Daughters to Guice may be rescinded, the $2000 refunded, and that the judgment against Guice may be cancelled; and for damages, &c.

The plaintiff annexed to his petition certain interrogatories, to be answered by Holstein and Dosson, in relation to the payment of the price set forth in the conveyance to them, and their answers show that the price mentioned in the sale was not paid in cash, nor do they set forth distinctly in what manner the property was paid for.

The contract was by judgment of the court below, founded on the verdict of a jury, annulled and set aside as fraudulent, so far as it relates to the debt on which judgment had been pronounced against Guice, and the defendants appealed.

The defence set up by the purchasers, grounded on the failure of Daughters to comply with the stipulations of his contract, and that they had been subrogated to the actions of their vendor, cannot

avail them, because it is manifest from inspection of the record, that the same questions were settled by the judgment of the court in the case against Guice.

The question of fraudulent preference to the purchasers as the creditors of Guice, or of his insolvency to their knowledge, and whether the plaintiff was injured by the contract, were left to the jury upon the evidence, and we are unable to say that any thing in the record authorizes our interference.

*Judgment affirmed.*